UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARIUSZ PRZYWIECZERSKI
    Applicant,

v.                                                    CASE NO. 8:18-cv-468-T-23JSS

UNITED STATES OF AMERICA
    Respondents.

### UNITED STATES' SUR-REPLY IN OPPOSITION TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

The United States of America, by and through its undersigned counsel, as ordered by this Court (Doc. 9), hereby files a sur-reply in opposition to the Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241 filed by Dariusz Tytus PRZYWIECZERSKI ("Petitioner") (HC Doc. 1[1]) and Petitioner's Reply in support thereof (HC Doc. 8). The United States' position on the proffered April 12, 2018 judgment from the "European Court of Human Rights" (hereinafter, the "ECHR Judgment") is that the ECHR Judgment has no effect on Petitioner's extradition for purposes of this judicial proceeding. As explained herein, the ECHR Judgment is not binding, and its significance (or lack thereof) is a matter properly within the jurisdiction of the executive branch and the United States Secretary of State.

---

[1] All record citations to the events concerning Petitioner's habeas corpus petition are denoted as "HC Doc. #" and reference the docket in case no. 8:18-cv-468-T-23JSS. All record citations to the events in Petitioner's extradition case are denoted as "EX Doc. #" and reference the docket in case no. 8:17-mj-1811-TGW. All citations to the United States' filings in the extradition case, which were submitted *in camera* and which the United States believes this Court possesses, are referred to by the name of the filing; or, if the United States submitted the documents as exhibits in the extradition hearing, the exhibits are denoted as "GEX Doc. #".

The ECHR Judgment itself acknowledges that the court's decision is not binding on the Polish courts:

> In the present case, the Court has found a violation of Article 6 § 1 as regards the principle of a 'tribunal established by law' in respect of the first-instance court. It has also noted that the appellate courts dismissed the applicants' arguments to the effect that a formal fault in the assignment of a trial court judge had affected the content of the trial court's judgment. Having regard to the nature of its finding and the reasons underlying it (see paragraphs 138-142 above), the Court considers that, in the particular circumstances of the present case, **it is not for this Court but for the domestic courts to decide whether a reopening of the criminal proceedings is necessary or not to give effect to the present judgment.**

Doc. 8-1 at 43 (Paragraph 219) (emphasis added). The Polish government, by letter dated May 17, 2018, attached hereto as Exhibit 1, has stated that its position is that the ECHR Judgment is not binding: "In accordance with the Polish law, the sole authority entitled to take a binding position on the validity of the extradition request is the judicial authority who has made a request for extradition of the fugitive." Ex. 1 at 1. The President of the District Court of Warsaw has also submitted a letter dated May 15, 2018, responding to this Court's inquiry about the ECHR Judgment, in which the President states: "The [ECHR Judgment] . . . does not affect enforcement of the custodial sentence of the convict." *Id.* at 3.

The ECHR Judgment presents a matter to be taken up by the Polish domestic courts, not a United States court. To the extent that the ECHR Judgment should be weighed at all in assessing the propriety of the Petitioner's extradition to Poland, it

should be weighed by the Secretary of State. The judicial branch's role under 18 U.S.C. § 3184 is to hold a hearing to consider the evidence of criminality presented by the foreign country and to determine whether it is "sufficient to sustain the charge under the provisions of the proper treaty or convention." The executive branch's role, carried out by the Secretary of State, is to make the ultimate decision regarding surrender to the foreign country. The Secretary of State "exercises broad discretion and may properly consider myriad factors affecting both the individual defendant as well as foreign relations which an extradition magistrate may not," including the state of the foreign country's judicial system, humanitarian considerations, and applicable statutes, treaties, or policies regarding appropriate treatment in the foreign country. *Martin v. Warden, Atlanta Pen.*, 993 F.2d 824, 829, 830 n.10 (11th Cir. 1993).

The law requires that United States courts decline "to assume the responsibility for supervising the integrity of the judicial system of another sovereign nation." *Jhirad v. Ferrandina*, 536 F.2d 478, 484-85 (2d Cir. 1976), *cert. denied*, 429 U.S. 833 (1976); *see also, e.g.*, *Koskotas v. Roche*, 931 F.2d 169, 174 (1st Cir. 1991) ("Extradition proceedings are grounded in principles of international comity, which would be ill-served by requiring foreign governments to submit their purposes and procedures to the scrutiny of United States courts."); *Ahmad v. Wigen*, 910 F.2d 1063, 1067 (2d Cir. 1990) ("The interests of international comity are ill-served by requiring

3

a foreign nation such as Israel to satisfy a United States district judge concerning the fairness of its laws and the manner in which they are enforced.").

Pursuant to the well-established "rule of non-inquiry," extradition courts are precluded from "assessing the investigative, judicial, and penal systems of foreign nations when reviewing an extradition request," reserving such considerations exclusively for consideration by the U.S. Secretary of State. *Martin*, 993 F.2d at 829.[2] Indeed, a determination that a foreign judicial system is plagued by judiciary system deficiencies or even corruption could have serious foreign-relations implications and is, therefore, properly made only by the Secretary. *See United States v. Fernandez-Pertierra*, 523 F. Supp. 1135, 1141-42 (S.D. Fla. 1981) (citing *Dames & Moore v. Regan*, 453 U.S. 654 (1981), and *Haig v. Agee*, 453 U.S. 280 (1981)) (noting that a "long judicial tradition" supports a "general judicial policy of deference to the executive in the area of foreign relations")); *In re Application for an Order for Judicial*

---

[2] *See also Hilton v. Kerry*, 754 F.3d 79, 84-85 & 87 (1st Cir. 2014) (stating that the rule of non-inquiry "bars courts from evaluating the fairness and humaneness of another country's criminal justice system, requiring deference to the Executive Branch on such matters"); *Lopez-Smith v. Hood*, 121 F.3d 1322, 1327 (9th Cir. 1997) ("[U]nder what is called the 'rule of non-inquiry' in extradition law, courts in this country refrain from examining the penal systems of requesting nations, leaving to the Secretary of State determinations of whether the defendant is likely to be treated humanely"); *Eain v. Wilkes*, 641 F.2d 504, 516-17 (discussing sole discretion of Secretary of State to establish "an American position on the honesty and integrity of a requesting foreign government"), *cert. denied*, 454 U.S. 894 (1981); *In re Extradition of Cruz*, No. 16 CR 283, 2016 WL 6248184, at *6 (N.D. Ill. Oct. 26, 2016) (disregarding fugitive's argument that "he will not receive a fair trial in Mexico due to corruption that he says exists in the Mexican judiciary"); *In re Knotek,* No. LACV139204BROJCG, 2016 WL 4726537, 2016 WL 4726537, at *5 (C.D. Cal. Sept. 8, 2016) (disregarding fugitive's argument that the foreign prosecution was "tainted by corruption," and noting that "[p]ursuant to the rule of non-inquiry, challenges to the legal processes and penal systems of a foreign country—such as a claim that a foreign country's legal proceedings are corrupt—cannot be considered by extradition courts").

*Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d 1020, 1028 (N.D. Ill. 2006) ("American courts should treat foreign law the way American courts want foreign courts to treat American law: avoid determining foreign law whenever possible."); *In the Matter of the Extradition of Martinelli Berrocal,* No. 17-22197, 2017 WL 3776953, at *29 (S.D. Fla. Aug. 31, 2017) ("Considerations of the level of corruption by the requesting state hence fall within the exclusive jurisdiction of the Secretary of State."). Similarly, it is well settled that "the motives of the requesting government are irrelevant" to a court's determination of a fugitive's extraditability, and "must be addressed solely to the Secretary of State." *Ordinola v. Hackman*, 478 F.3d 588, 604-05 (4th Cir. 2007) (rejecting fugitive's argument that the "new" government in the requesting country sought extradition as a means to punish him for being a member of the "old" government). Any allegations of the political or corrupt nature of Petitioner's conviction are irrelevant to the probable cause determination in this case. Therefore, this Court should reject Petitioner's misplaced attempt to challenge the finding of probable cause in this case by arguing that the ECHR Judgment shields him from extradition to Poland. It does not.

## IV. **CONCLUSION**

For the foregoing reasons, the United States again respectfully requests that the Court deny Petitioner's petition for a writ of *habeas corpus*.

                Respectfully submitted,

                MARIA CHAPA LOPEZ
                United States Attorney


By: */s/ Megan K. Kistler*
     Megan K. Kistler
     Assistant United States Attorney
     United States Attorney No. 161
     400 N. Tampa Street, Suite 3200
     Tampa, Florida 33602-4798
     Telephone: (813) 274-6000
     Facsimile: (813) 274-6358
     E-mail: megan.kistler@usdoj.gov

**Dariusz Przywieczerski v. U.S.**               **Case No. 8:18-cv-468-T-23JSS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2018, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following:

Dariusz Przywieczerski
Identification No. 1738014
Pinellas County Jail
14400 49th Street North
Clearwater, Florida 33762-2877

/s/ *Megan K. Kistler*
Megan K. Kistler
Assistant United States Attorney
United States Attorney No. 161
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: megan.kistler@usdoj.gov